UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUN 23 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-269-GWU

PHILLIP ASLINGER, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

INTRODUCTION

Phillip Aslinger brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Aslinger, a 37 year-old former corrections officer, janitor, school bus driver, pizza restaurant owner-operator, policy officer, family service worker, and security guard with a high school education, suffered from impairments related to post-traumatic stress disorder and a depressive disorder. (Tr. 16, 19). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of heavy level work. (Tr. 22). Since the claimant would be able to return to his past relevant work as a janitor and security guard, he could not be considered totally disabled. (Tr. 22-23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Aslinger could return to his past work as a janitor and security guard, the ALJ depended heavily upon the information provided by Vocational Expert William Ellis. The hypothetical question presented by the ALJ

included such non-exertional limitations as a (1) "limited but satisfactory" ability to maintain attention and concentration, understand, remember and carry out simple instructions, behave in an emotionally stable manner, and demonstrate reliability; and (2) a "seriously limited but not precluded" ability to deal with work stresses, and understand, remember and carry out detailed instructions. (Tr. 326). In response, the witness indicated that Aslinger's past work as a janitor and security guard could still be performed. (Tr. 326). Ellis also identified a significant number of other jobs which could still be done.[1] (Tr. 327). Therefore, assuming that the vocational factors considered by the expert fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ properly found that Aslinger did not suffer form a "severe" physical impairment. The record reveals that the plaintiff was treated for fractured distal radius of the left wrist at Lee County Hospital in December of 2002. (Tr. 222). No long-term restrictions were identified. Dr. Mark Burns examined the claimant in September of 2003 and did not report the existence of any physical limitations. (Tr. 229). Dr. John Rawlings (Tr. 190) and Dr. Humilidad Anzures (Tr. 191), the non-examining medical reviewers, each opined that Aslinger did not suffer from a "severe" physical impairment. Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's mental status.

The ALJ also dealt properly with the evidence of record regarding Aslinger's mental condition. Dr. E. Eskander, a treating physician at the Cumberland River Comprehensive Care Center, noted in December of 2001,

---

[1] These jobs provide an alternative ground to support the administrative decision.

6

that Aslinger was improved, was willing to go back to work and was seeking employment. (Tr. 109). Vocational rehabilitation was suggested. (Tr. 109). The staff at Cumberland River repeatedly noted that the claimant's Global Assessment of Functioning (GAF) was 65. (Tr. 117, 137, 165, 256). Such a GAF suggests the existence of only "mild" psychological symptoms according The American Psychiatric Association: Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994) and appears compatible with the ALJ's findings. Thus, the Cumberland River treatment notes certainly do not support the plaintiff's claim of being totally disabled.

The hypothetical question included all of the mental restrictions identified on an assessment form by Psychologist Robert Fitz, an examining consultant. (Tr. 229). Fitz noted in the assessment that the plaintiff's ability was "limited but satisfactory" in maintaining attention and concentration. (Tr. 242). The claimant asserts that, based upon the examiner's statements in the narrative report and on the assessment form itself, a more severe restriction was intended. Fitz's statements in the report do indicate that there was limitation in the plaintiff's ability to concentrate, but do not necessarily reveal more restriction than that checked on the assessment. The hypothetical question would still be consistent with the opinion of Dr. Eskander, a treating physician, even if the ALJ could not have relied upon Fitz.

Finally, Psychologists Jane Brake (Tr. 175) and Ilze Sillers (Tr. 192), the non-examining medical reviewers, each opined that Aslinger did not suffer from a "severe" mental impairment. These reports provide additional support the administrative decision.

Aslinger argues that the ALJ erred in failing to find that his mental problems met the requirements of Section 12.06 concerning anxiety related

7

disorders. The Listing provides that:

> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
>
> A. Medically documented findings of at least one of the following:
>
> 1. Generalized persistent anxiety accompanied by three out of four of the following signs of symptoms:
>
> a. Motor tension; or
>
> b. Autonomic hyperactivity; or
>
> c. Apprehensive expectation; or
>
> d. Vigilance and scanning;
>
> or
>
> 2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
>
> 3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or
>
> 4. Recurrent obsessions or compulsions which are a source of marked distress; or
>
> 5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
>
> And
>
> B. Resulting in at least two of the following:
>
> 1. Marked restrictions of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.
>
> OR

8

> C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Part 404, Subpart P, Appendix 2, Section 12.06. The plaintiff does not argue that the C criteria is met. Aslinger does assert that the report of Fitz supports his claim that two of the required B criteria are satisfied. The undersigned does not agree. As previously noted, the claimant's treating source at Cumberland River repeatedly indicated that his symptoms were mild and that he could return to work. Neither of the medical reviewers thought that a Listing had been met. (Tr. 175-189, 192-206). With regard to social functioning, Fitz reported that the plaintiff had recently remarried and attended church on a weekly basis. (Tr. 237, 240). He regularly visited his parents and sister and played board games with his children. (Tr. 237). He reported having good relationships with his relatives, friends, and neighbors. (Tr. 237). Clearly, the report of Fitz does not suggest that the claimant has a "marked" limitation in social functioning. The claimant's daily activities included cooking, sweeping the floor, supervising his daughters, reading the newspaper, and walking. (Tr. 237). Thus, his daily activities also do not appear to be "markedly" restricted. Finally, Fitz's report does not indicate repeated episodes of decompensation. Therefore, the Court must reject Aslinger's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___23___ day of June, 2005.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE

9